People v Williams (2025 NY Slip Op 00744)

People v Williams

2025 NY Slip Op 00744

Decided on February 7, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, GREENWOOD, DELCONTE, AND KEANE, JJ.

54 KA 23-01286

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RAMAINE R. WILLIAMS, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

BANASIAK LAW OFFICE, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
BRITTANY GROME ANTONACCI, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered April 27, 2023. The judgment convicted defendant upon his plea of guilty of criminal possession of a controlled substance in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]) and, in appeal No. 2, defendant appeals from a judgment convicting him upon his plea of guilty of aggravated family offense (§ 240.75). In each appeal, we reject defendant's contention that the sentence is unduly harsh and severe. With respect to appeal No. 1, we note that the plea proceeding and the sentence reflect defendant's status as a second felony drug offender (§ 70.70 [1] [b]), and the record thus confirms that County Court merely misstated during sentencing that defendant was a second felony offender rather than a second felony drug offender (see People v Duncan, 217 AD3d 1579, 1580 [4th Dept 2023], lv denied 40 NY3d 950 [2023]; People v Bradley, 196 AD3d 1168, 1170-1171 [4th Dept 2021]). The certificate of disposition and the uniform sentence and commitment form incorrectly state that defendant was sentenced as a second felony offender, and they must be amended to reflect that he was actually sentenced as a second felony drug offender (see People v Cruz, 182 AD3d 999, 1000 [4th Dept 2020]; People v Johnson, 161 AD3d 1529, 1529 [4th Dept 2018]).
Entered: February 7, 2025
Ann Dillon Flynn
Clerk of the Court